IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT BANKS, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 20-CV-0787 |
| | : | |
| THE CITY OF PHILADELPHIA, *et al.*, | : | |
|     Defendants. | : | |

**MEMORANDUM**

**BARTLE III, J.**                                                                 **MAY  4 , 2020**

    Plaintiff Robert Banks, proceeding *pro se*, filed this civil action, apparently pursuant to 42 U.S.C. § 1983, against the City of Philadelphia and the Philadelphia Traffic Court ("Traffic Court") alleging that the adjudication of certain traffic tickets he received almost two decades ago violated his constitutional rights.[1]  (ECF No. 1.)  He also filed a Motion for Leave to Proceed *In Forma Pauperis.*  (ECF No. 4.)  For the following reasons, the Court will grant Banks leave to proceed *in forma pauperis* and dismiss his Complaint as legally baseless.

**I.        FACTUAL ALLEGATIONS**

    Banks alleges that he accumulated "a number of tickets" in 2001 and 2002 as a result of his "criminal behavior."  (Compl. ECF No. 1 at 4.)  It appears his commercial driver's license was suspended as a result of the tickets.  (*Id.* at 7.)  Banks was ultimately convicted for the related crimes he committed and was incarcerated for five years.  (*Id.* at 4.)  Banks alleges that because his tickets resulted from criminal activity, the Traffic Court lacked jurisdiction to

---

[1]  It is not entirely clear that Banks intended to sue the City of Philadelphia.  However, the Court will liberally construe the Complaint to include the City as a Defendant in the event this was, in fact, Banks's intention.

adjudicate those tickets, which he believes should have been handled in his criminal case.  (*Id.*) He also indicates that he was not provided counsel to appeal his traffic tickets.  (*Id.* at 4-5.)

Banks asserts that since he has served his criminal sentence and/or because the Traffic Court lacked jurisdiction, the tickets, and presumably any residual consequences of the tickets, should be invalidated.  (*Id.* at 5.)  He also characterizes the Traffic Court's failure to dismiss his tickets as "extortion[,]" apparently because he is struggling to obtain gainful employment presumably due to restrictions on his license stemming from the tickets.  (*Id.*)  In support of his argument that his old tickets should be invalidated, Banks also invokes criminal justice reform legislation and *Williams v. Pennsylvania*, 136 S. Ct. 1899 (2016), which concerned a due process challenge to a murder conviction.  (*Id.*)

Based on those allegations and supporting exhibits attached to his Complaint, Banks claims that his due process rights have been violated.  As relief, he asks for the United States Attorney's Office and the Federal Bureau of Investigation to "investigate TRAFFIC COURT over the matter of EXTORTING citizens over outdated invalid tickets that are no good and should [be] thrown out of court."  (*Id.*)  He also asks this Court to dismiss his tickets.  (*Id.*)

This is not the first civil action that Banks filed against the Traffic Court based on the underlying tickets.  In 2013, he filed two civil actions challenging the same tickets at issue in the instant civil action on the basis that he had paid his debt to society by serving his criminal sentence.  *See Banks v. Phila. Traffic Ct. of Pa.*, E.D. Pa. Civ. A. No. 13-1296 (ECF No. 5) & *Banks v. Phila. Traffic Ct. of Pa.*, E.D. Pa. Civ. A. No. 13-1714 (ECF No. 3).  The cases were consolidated and dismissed on the basis that the Traffic Court was entitled to Eleventh Amendment immunity and that this Court lacked jurisdiction to review state-court judgments.

*See Banks v. Phila. Traffic Ct. of Pa.*, E.D. Pa. Civ. A. No. 13-1296 (ECF No. 4) & *Banks v. Phila. Traffic Ct. of Pa.*, E.D. Pa. Civ. A. No. 13-1714 (ECF No. 2).

## II.   STANDARD OF REVIEW

The Court will grant Banks leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action.  Accordingly, Banks's Complaint is subject to 28 U.S.C. § 1915(e)(2)(B)(i), which requires the Court to dismiss the Complaint if it frivolous.  A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory."  *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).  Moreover, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  As Banks is proceeding *pro se*, the Court construes his allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.   DISCUSSION

### A.  *Rooker-Feldman* Doctrine

The Court lacks jurisdiction to invalidate the judgments of the Traffic Court with respect to Banks's tickets.  Pursuant to the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments."  *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010).  Based on that principle, a federal district court lacks jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  *Id.* at 166 (quotations omitted).   "[T]here are four requirements that must be met for the *Rooker-Feldman* doctrine to apply: (1) the federal plaintiff lost in state court; (2) the plaintiff complains

of injuries caused by the state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Id.*

Here, Banks complains that the Traffic Court issued judgments against him in violation of his due process rights long before his initiation of the instant lawsuit. Furthermore, Banks asks this Court to vacate the Traffic Court's final judgments on the basis that those judgments were unconstitutional. As Banks seeks vacatur of the Traffic Court's final judgments based on alleged constitutional injuries caused by those judgments long before he filed his Complaint, the *Rooker-Feldman* doctrine applies and the Court lacks jurisdiction over Banks's claims.[2] In *Douris v. New Jersey*, 500 F. App'x 98, 99 n.2 (3d Cir. 2012), our Court of Appeals ruled that *Rooker-Feldman* precluded challenge to traffic tickets because "[a]t the time [plaintiff] filed his federal complaint, he had already contested his traffic ticket in municipal courts in New Jersey and lost, and had attempted to appeal the guilty finding in the Superior Court of New Jersey."

### B. Traffic Court is Entitled to Eleventh Amendment Immunity

To the extent the *Rooker-Feldman* doctrine does not preclude Banks's claims, if at all, his claims against the Traffic Court are barred by Eleventh Amendment immunity. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Banks's claims against

---

[2] Based on the facts alleged and given the passage of time, it is reasonable to infer that Banks challenges final judgments issued by the Traffic Court and that the Traffic Court proceedings have long since ended. *See Malhan v. Sec'y United States Dep't of State*, 938 F.3d 453, 459-60 (3d Cir. 2019).

the Traffic Court fail because state courts such as the Traffic Court are entitled to Eleventh Amendment immunity from suit and are not considered "persons" for purposes of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989) (states are entitled to Eleventh Amendment immunity from claims under 42 U.S.C. § 1983 and are not "persons" for purposes of that provision); *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 235 n.1 & 241 (3d Cir. 2005) (state courts in Pennsylvania, including the Traffic Court, share in the Commonwealth's Eleventh Amendment immunity); *see also* 42 Pa. Cons. Stat. § 8521(b) ("Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States."). Accordingly, there is no legal merit to these claims.

### C. No Basis for a Claim Against the City of Philadelphia

To the extent the *Rooker-Feldman* doctrine does not preclude Banks's claims against the City of Philadelphia, those claims are clearly time-barred. Pennsylvania's two-year limitations period applies to Banks's § 1983 claims. *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007). The limitations period began to run from the time Banks "knew or should have known of the injury upon which [his] action is based." *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998). As it is clear Banks knew of the factual basis for his claims by 2013 given his prior litigation about the same subject matter, his Complaint in the instant matter, which he filed on February 10, 2020, is time-barred. In any event, it does not appear that any legal basis exists for a claim against the City based on the events of which Banks complains, which concern the adjudication of traffic tickets by a state court.

## IV.     CONCLUSION

For the foregoing reasons, the Court will grant Banks leave to proceed *in forma pauperis* and dismiss his Complaint as legally frivolous with prejudice because amendment would be futile. An appropriate Order follows.